IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

HEATHER BOWYER, et al.,

      Plaintiffs,

v.                          CIVIL ACTION NO. 5:05-0628

ROLAND WAYNE HOUCK, et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiffs' "Second Motion to Enlarge Time to Serve a Summons and Complaint upon Defendant Patrolman Eric Brad Walters and to Reissue Summons Out of Time" (Doc. No. 28.)  For the reasons outlined below, plaintiffs' motion is **DENIED.**  Additionally, because he has not been served within the proper period, the Clerk is hereby **DIRECTED** to strike defendant Patrolman Eric Brad Walters from the docket of this case.

I

In their motion, plaintiffs indicate that, although they first attempted to serve all defendants in late August, 2005, and the court gave them an additional thirty days to attempt to do so on February 13, 2006, they still have not been able to do so. (See id. at 1-2.)  These reasons plaintiffs provide in this motion include: (1) that even though he had previously agreed to do so, their Tennessee-based private investigator declined to

serve the summons and complaint; (2) that plaintiffs then forwarded the service materials to the Sevierville Sheriff's Department and that agency was unable to locate defendant Walters; and (3) that even though plaintiffs have been diligent in attempting to find him, plaintiffs have no idea where he is as of February 28, 2006. (See id. ¶¶ 1-9.)

## II

As the court noted in its previous Order, in Henderson v. United States, 517 U.S. 654, 662 (1996), the Supreme Court stated that district courts had the discretion to enlarge the 120-day period for effectuating service. In that Order, the court found that plaintiffs' earlier reasons provided it with an appropriate basis to extend the period to serve defendant Walters. (See Doc. No. 21 at 2.)

However, without reaching the question as to whether the reasons plaintiffs provide in their second motion constitute proper cause to extend the service period,* the court must deny

---

    * The "good cause" requirement's continuing validity in the Fourth Circuit has been questioned by many courts within the circuit. See Knott v. Atl. Bingo Supply, Inc., 2005 U.S. Dist. LEXIS 37780, at *2 n.1 (D. Md. Dec. 22, 2005) (listing cases). Many courts have relied on the Advisory Committee notes to Rule 4(m) to establish that amendments to the Rule were intended to eliminate the good cause requirement. See United States v. Britt, 170 F.R.D. 8, 9 (D. Md. 1996). However, these courts have continued to apply the "good cause" requirement, reasoning that it was required by Fourth Circuit precedent. Id. This said, in this case, as was the case in Knott, "[t]he issue . . . is in any event academic because . . . plaintiff[s] cannot meet the "excusable neglect" requirement that unquestionably exists"

2

the motion because, as the extended service period had expired at the time when plaintiffs filed their second motion, plaintiffs must also show that their failure to move for an additional extension within the thirty-day period stemmed from "excusable neglect" as is defined under Rule 6(b) of the Federal Rules of Civil Procedure.  Where an extension is sought after expiration of the previous service period, Rule 6(b) requires the party show that the delay in filing for the extension resulted from "excusable neglect" on their part.  A showing of excusable neglect is a demanding standard, and the Fourth Circuit has noted that it "is not easily demonstrated, nor was it intended to be." Britt, 170 F.R.D. at 9 (citing Thompson v. E.I. duPont de Nemours & Co., 76 F.3d 530, 534 (4th Cir. 1996)).

Under Fourth Circuit requirements, plaintiffs must show both that there was good cause for the lack of service, and that plaintiffs' delay in filing their motion to extend before expiration of the first thirty-day period was the result of excusable neglect.  See Mendez v. Elliot, 45 F.3d 75, 79 (4th Cir. 1995) (finding that plaintiff failed to satisfy Rules 4(m) and 6(b) by not establishing "both good cause for the lack of service and excusable neglect for not filing the motion to extend service before the expiration" of the relevant period).

---

because plaintiffs filed for their extension outside of the service period.  See Knott, 2005 U.S. Dist. LEXIS 37780, at *2 n.1.

**III**

Under the facts contained in plaintiffs' motion, they have, at the very least, not shown excusable neglect. The last event alleged in plaintiffs' motion occurred almost a full month ago. (See Doc. No. 28 ¶ 7) (stating that, on March 1, 2006, the summons and complaint were returned unserved with a note that defendant had moved and left no forwarding address). There is no explanation whatsoever as to why they waited almost four full weeks after this date to file this motion. As such, they have not made the requisite showing of "excusable neglect." Given that this is the case, plaintiffs' motion (Doc. No. 28) must be denied. Additionally, because he has not been served within the proper period, the Clerk is hereby directed to strike defendant Patrolman Eric Brad Walters from the docket of this case.

**IV**

The Clerk is directed to send copies of this Order to all counsel of record and to any unrepresented parties.

It is **SO ORDERED** this 29th day of March, 2006.

Enter:

David A. Faber
Chief Judge